**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAUL MIRANDA RAMIREZ,<br><br>    Petitioner,<br><br>    v.<br><br>CDCR SECRETARY,<br><br>    Respondent. | Case No.: 1:24-cv-00163-SKO (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO SUMMARILY DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION<br><br>[21-DAY OBJECTION DEADLINE] |

Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On February 5, 2024, Petitioner filed the instant habeas petition. He challenges a parole suitability determination by the California Board of Parole Hearings. Because the Court is without jurisdiction to review the substantive due process of a parole suitability determination, the Court will recommend the petition be DISMISSED.

I.    <u>Preliminary Screening of the Petition</u>

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory

1

Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971). The Court will review the instant petition pursuant to its authority under Rule 4.

II.   Failure to State a Claim Cognizable Under Federal Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed on February 5, 2024, and thus, it is subject to the provisions of the AEDPA.

Petitioner states that he is an inmate of the California Department of Corrections and Rehabilitation serving a sentence of 7 years to life plus 4 years imposed by the Monterey County Superior Court following his 1993 conviction for attempted first degree murder with use of a firearm. (Doc. 1 at 1.) Petitioner does not challenge either his conviction or sentence; rather, he challenges a March 7, 2023, decision of the California Board of Parole Hearings ("Board") finding him unsuitable for parole. He claims the Board's decision is factually unsupported and failed to give consideration to certain factors. He also claims he received ineffective assistance of counsel.

Petitioner's claims concern the decision of the Board which are foreclosed by the Supreme Court's decision in Swarthout v. Cooke, 562 U.S. 216 (2011). In Swarthout, the Supreme Court held that the federal habeas court's inquiry into whether a prisoner who has been denied parole received due process is limited to determining whether the prisoner "was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." Id., (citing Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979)). Petitioner does not contend he was denied these procedural due process guarantees, and a review of the record shows that he was not. (Doc. 1 at 37-100; 1-1 at 1-12.) According to the Supreme Court, this is "the beginning and the end of the federal habeas courts' inquiry into whether [the prisoner] received due process."

Swarthout, 562 U.S. at 220. "'The Constitution,' [the Supreme Court] held, 'does not require more.'" Id., (quoting Greenholtz, 442 U.S. at 16). Therefore, Petitioner's challenges to the Board's denial of parole fail to present cognizable federal claims for relief, and the petition should be dismissed.

## ORDER

Accordingly, the Clerk of the Court is HEREBY DIRECTED to assign a United States District Judge to this case.

## RECOMMENDATION

For the foregoing reasons, the Court HEREBY RECOMMENDS that the instant petition for writ of habeas corpus (Doc. 1) be SUMMARILY DISMISSED for failure to state a claim upon which federal habeas relief can be granted.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 8, 2024**          /s/ *Sheila K. Oberto*
                                       UNITED STATES MAGISTRATE JUDGE

3