1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10
11

SAUL MIRANDA RAMIREZ,

12

Petitioner,

13
14

v.

15

CDCR Secretary,

16

Respondent.

17
18

No.  1:24-cv-00163 JLT SKO (HC)

ORDER ADOPTING FINDINGS AND
RECOMMENDATIONS
(Doc. 5)

ORDER DISMISSING PETITION FOR WRIT
OF HABEAS CORPUS AND DIRECTING
CLERK OF COURT TO ENTER JUDGMENT
AND CLOSE CASE

ORDER DECLINING TO ISSUE
CERTIFICATE OF APPEALABILITY

19

Saul Miranda Ramirez is a state prisoner proceeding *pro se* and *in forma pauperis* with a

20

petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a parole suitability

21

determination by the California Board of Parole Hearings and asserting ineffective assistance of

22

counsel.  The magistrate judge observed that the Supreme Court held "the federal habeas court's

23

inquiry into whether a prisoner who has been denied parole received due process is limited to

24

determining whether the prisoner 'was allowed an opportunity to be heard and was provided a

25

statement of the reasons why parole was denied.'"  (Doc. 5 at 2, quoting *Swarthout v. Cooke*, 562

26

U.S. 216 (2001).)  The magistrate judge found, "Petitioner does not contend he was denied these

27

procedural due process guarantees, and a review of the record shows that he was not."  (*Id.*)

28

Therefore, the magistrate judge found "Petitioner's claims are foreclosed by the Supreme Court's

1

1  decision in *Swarthout*," and recommended the petition be "dismissed for failure to state a claim

2  upon which federal habeas relief can be granted." (*Id.* at 2-3, emphasis omitted.)

3      Petitioner filed objections to the Findings and Recommendations. (Doc. 6.) Petitioner

4  contends the Court has jurisdiction to review his claim of ineffective assistance of counsel. He

5  cites several cases in support, including *Nichols v. Arnold*, 2018 WL 1684311 (C.D. Cal. 2018);

6  *Nichols v. Pfeiffer*, 2019 WL 4014429 (C.D. Cal. 2019); and *Haro v. Fox*, 2018 WL 4849674

7  (E.D. Cal. 2018). (Doc. 6 at 2.) Importantly, in these cases, the courts summarily dismissed the

8  claims of ineffective assistance because there is no right to counsel at parole consideration

9  hearings. Consequently, the court found there could not be a constitutional violation. *See Pfeiffer*,

10  2019 WL 4014429, *4 (citing *Dorado v. Kerr*, 454 F.2d 892, 896-97 (9th Cir.), *cert. denied*, 409

11  U.S. 934 (1972); *Arnold*, 2018 WL 1684311, *6; *Fox*, 2018 WL 4849674, *2. Petitioner also

12  cites to *Lopez v. Warden*, 388 Fed.Appx. 711 (9th Cir. 2010), but his reliance upon the case is

13  misplaced as *Lopez* was decided before *Swarthout v. Cooke*, 562 U.S. 216 (2011).

14      According to 28 U.S.C. § 636 (b)(1)(C), the Court conducted a *de novo* review of the case.

15  Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes

16  the Findings and Recommendations are supported by the record and proper analysis.

17      In addition, the Court declines to issue a certificate of appealability. A state prisoner

18  seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of

19  his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537

20  U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of

21  appealability is 28 U.S.C. § 2253, which provides as follows:

22      (a)    In a habeas corpus proceeding or a proceeding under section 2255 before a
23      district judge, the final order shall be subject to review, on appeal, by the court of
       appeals for the circuit in which the proceeding is held.

24      (b)    There shall be no right of appeal from a final order in a proceeding to test
       the validity of a warrant to remove to another district or place for commitment or
25      trial a person charged with a criminal offense against the United States, or to test
       the validity of such person's detention pending removal proceedings.
26

27      (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an
       appeal may not be taken to the court of appeals from—

28          (A) the final order in a habeas corpus proceeding in which the

2

detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To make a substantial showing, Petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability.  Reasonable jurists would not find the determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Thus, the Court **ORDERS**:

1.   The Findings and Recommendations issued on February 8, 2024 (Doc. 5) are **ADOPTED** in full.

2.   The petition for writ of habeas corpus is **DISMISSED** with prejudice.

3.   The Clerk of Court is **DIRECTED** to enter judgment and close the case.

4.   The Court declines to issue a certificate of appealability.

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   **March 6, 2024**

UNITED STATES DISTRICT JUDGE

3